UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARIA E. A.,

       **Plaintiff,**

 vs.              5:24-CV-1015
                    (MAD/TWD)

**FRANK BISIGNANO,** *Commissioner*
*of Social Security*,

       **Defendant.**
_____

**APPEARANCES:**          **OF COUNSEL:**

**HILLER COMERFORD INJURY**   **JUSTIN M. GOLDSTEIN, ESQ.**
**& DISABILITY LAW**
6000 North Bailey Avenue - Suite 1a
Amherst, New York 14226
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**  **FERGUS J. KAISER, ESQ.**
Office of Program Litigation
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

  Plaintiff, Maria E. A., commenced this action pursuant to 42 U.S.C. § 405(g) seeking review of the decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income. *See* Dkt. No. 1.

  In a Report and Recommendation dated December 18, 2025, Magistrate Judge Therese Wiley Dancks recommended that (1) Plaintiff's motion for judgment on the pleadings be granted;

1

(2) Defendant's motion for judgment on the pleadings be denied; and (3) the Commissioner's decision be remanded. *See* Dkt. No. 18. Neither party filed objections.

When no objections are made to a magistrate judge's recommendation, the Court reviews a report-recommendation for only clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y. 2012) (citing FED. R. CIV. P. 72(b), Advisory Committee Note: 1983). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quotation and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court finds no clear error in the Report and Recommendation.

First, the Court agrees with Magistrate Judge Dancks that the Administrative Law Judge ("ALJ") sufficiently analyzed the medical opinions in the record pursuant to 20 C.F.R. §§ 416.920c, 416.945. As Magistrate Judge Dancks explained, "in many cases, the ALJ only need 'explain' how the supportability and consistency factors were considered, as they are 'the most important factors.'" *Alexis L.W. v. Comm'r of Soc. Sec.*, No. 5:24-CV-01131, 2026 WL 214322, *4 (N.D.N.Y. Jan. 12, 2026) (quoting *Brian K. v. Comm'r of Soc. Sec.*, No. 5:24-CV-26, 2025 WL 18718, *4 (N.D.N.Y. Jan. 2, 2025)) (additional quotation marks omitted). The ALJ discussed how each medical opinion compared to the other medical opinions, Plaintiff's treatment history, and her activities of daily living. *See* Dkt. No. 14-2 at 25. The Court finds no clear error in Magistrate Judge Dancks' conclusion that the ALJ's discussion is sufficient to meet the statutory requirements.

Second, the Court finds no clear error in the recommendation that the ALJ's decision be remanded because the ALJ did not rectify an apparent conflict between the testimony of a

Vocational Expert ("VE") and the Dictionary of Occupational Titles ("DOT").  *See* Dkt. No. 21 at 16-19.  As explained more fully by Magistrate Judge Dancks, the ALJ determined that Plaintiff "can never reach overhead"; the VE testified that, with that restriction, Plaintiff could perform the jobs of mail clerk, router, and office helper; but the DOT states that each position requires "frequent" reaching.  Dkt. No. 21 at 17; *see also* Dkt. No. 14-2 at 45.  The VE testified that "the issue of reaching overhead is not addressed in the DOT or for reaching on all planes, so that issue is based on my experience."  Dkt. No. 14-2 at 45.  The Court agrees with Magistrate Judge Dancks that the VE's testimony is insufficient for the ALJ to have adequately addressed the conflict between his Residual Functional Capacity ("RFC") determination and the jobs Plaintiff could perform.

Magistrate Judge Dancks keenly compared this case to that decided by the Second Circuit in *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91-94 (2d Cir. 2019).  *See* Dkt. No. 21 at 17-19.  In *Lockwood*, the Second Circuit concluded that "[i]n the end, the Commissioner failed to reconcile [the VE's] testimony that a person with an overhead reaching limitation can perform the three jobs at issue [] with the Dictionary's indication that all three jobs require 'reaching.'" [The] testimony cannot, then, represent substantial evidence capable of demonstrating that Lockwood can successfully perform work in the national economy."  *Lockwood*, 914 F.3d at 94.  The Court finds no clear error in Magistrate Judge Dancks' determination that the same conclusion is warranted, here.  *See also* Dkt. No. 21 at 17-18 (relying on *Matthew M. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1644, 2022 WL 3346949, *4 (W.D.N.Y. Aug. 12, 2022), which concerned the same issue).

Accordingly, after carefully reviewing the Report and Recommendation, the entire record in this matter, and the applicable law, the Court hereby

3

     **ORDERS** that Magistrate Judge Dancks' Report and Recommendation (Dkt. No. 21) is **ADOPTED** in its entirety for the reasons set forth herein; and the Court further

     **ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and the Court further

     **ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 19) is **DENIED**; and the Court further

     **ORDERS** that the Commissioner's decision is **REVERSED and REMANDED for further proceedings**; and the Court further

     **ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close the case; and the Court further

     **ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated:  February 3, 2026
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge